916 So.2d 506 (2005)
Randall RYDER, et al., Respondents
v.
James Neal JONES d/b/a Neal Jones Trucking, et al., Applicants.
No. 40,963-CW.
Court of Appeal of Louisiana, Second Circuit.
December 22, 2005.
*507 Blanchard, Walker, O'Quin & Roberts by William Michael Adams, Scott R. Wolf, Shreveport, for Applicant Nautilus Ins. Co.
Brian D. Landry, Shreveport, for Respondent State of La., DOTD.
Casten & Pearce by Emily Schaumberg, Shreveport, for Respondent State Farm Mutual Automobile Ins. Co.
Law Offices of Jack M. Bailey by James A. Cooper, Jr., Shreveport, for Respondents Randall Ryder and Amanda Ryder.
Mayer, Smith & Roberts by Caldwell Roberts, Jr., Shreveport, for Respondents James Neal Jones d/b/a Neal Jones Trucking and Southern County Mutual Ins. Co.
Lunn, Irion, Johnson, Salley & Carlisle by James A. Mijalis, Shreveport, for Respondent Alva Nash d/b/a Nash's Auto Glass & Body Shop.
Crawford & Anzelmo by Donald J. Anzelmo, Monroe, for Respondent Scull Timber Co.
Lemle & Kelleher by J. Don Kelly, Jr., New Orleans, for Respondent Liberty County Mutual Ins. Co.
Before WILLIAMS, STEWART and DREW, JJ.
WRIT GRANTED AND MADE PEREMPTORY; SUMMARY JUDGMENT GRANTED.
Nautilus Insurance Company seeks supervisory review of a ruling of the district court denying its motion for summary judgment. The insurer urges that its commercial general liability insurance policy covering Scull Timber, Inc. ("Scull"), provides no coverage for this accident in which a load of logs fell from a Scull trailer and caused injury to another motorist. We agree.
The accident allegedly occurred while logs were being transported on a Scull trailer from a Scull facility in east Texas to a sawmill in Louisiana. When the independent truck driver veered onto the shoulder and struck debris on the side of the road, the cable securing the logs to the trailer broke and allowed the logs to fall from the trailer. The evidence tends to show that a Scull employee was responsible for examining the cable for soundness and this employee also may have secured the cable to the logs when the trailer was at the Scull facility. Plaintiffs and Scull seek recovery from, inter alia, Nautilus under the Nautilus CGL policy. That policy provides, in part:
2. Exclusions.
This insurance does not apply to:
. . .
g. Aircraft, Auto or Watercraft
"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or *508 loaned to any insured. Use includes operation and "loading or unloading."
SECTION V  DEFINITIONS
. . .
2. "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment....
. . .
10. "Loading or unloading" means the handling of property:
a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft, or "auto";
b. While it is in or on an aircraft, watercraft or "auto"; or
c. While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;
but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto."
. . .
14.a. "Products-completed operations hazard" includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
(1) Products that are still in your physical possession; or
(2) Work that has not yet been completed or abandoned.
. . .
c. This hazard does not include "bodily injury" or "property damage" arising out of:
(1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by the "loading or unloading" of it....
. . .
17. "Your product" means:
a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
(1) You....
b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products....
. . .
19. "Your work" means:
a. Work or operations performed by you or on your behalf; and
b. Materials, parts or equipment furnished in connection with such work or operation.
"Your work" includes:
a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
b. The providing of or failure to provide warnings or instructions.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). The issue of whether an insurance policy provides or precludes coverage is a dispute that can be resolved properly within the framework of a motion for summary judgment. McFarland v. Southern Farm Bureau Insurance Co., 39,612 (La. App.2d Cir.5/11/05), 902 So.2d 1207. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could *509 be afforded. Westerfield v. LaFleur, 493 So.2d 600 (La.1986).
An insurance policy is a contract between the parties and should be construed using ordinary contract principles. Smith v. Matthews, 611 So.2d 1377 (La. 1993). The parties' intent, as reflected by the words of the policy, determine the extent of coverage. Louisiana Insurance Guaranty Association v. Interstate Fire & Casualty Company, 93-0911 (La.1/14/94), 630 So.2d 759. An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180. However, if after applying the other rules of construction an ambiguity remains, the ambiguous provision is to be construed against the drafter and in favor of the insured. Louisiana Insurance Guaranty Association v. Interstate Fire & Casualty Company, supra; Reynolds v. Select Properties, Ltd., supra; Adams v. Thomason, 32,728 (La. App.2d Cir.3/1/00), 753 So.2d 416, writ denied, XXXX-XXXX (La.6/16/00), 764 So.2d 965.
We find no reasonable interpretation of this policy that provides coverage under these facts. The "auto" exclusion, Section 2(g), as amplified by the policy term definitions, excludes coverage for the insured's use of an auto, including trailers, while logs are on the trailer. As in Jones v. Louisiana Timber Co., 519 So.2d 333 (La.App. 2d Cir.1988), the alleged substandard conduct of Scull  using an inadequate or defective cable on the trailer  was a legal cause of the accident, and the duty allegedly breached by Scull arose from the use of the trailer and not independently. Moreover, the Scull trailer was being used at the time of the accident, so the company's work was not complete within the meaning of the products-completed operations provision, assuming arguendo that this provision could be applied to these facts.
Accordingly, the ruling of the district court is reversed, and summary judgment is hereby granted in favor of Nautilus Insurance Company dismissing the insurer from this lawsuit.